UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW RYAN GLOVER, <br><br> Plaintiff, <br><br> v. <br><br> MARSHALL COUNTY DRUG TASK FORCE, et al., <br><br> Defendants. | CAUSE NO.: 3:24-CV-366-TLS-APR |

**OPINION AND ORDER**

Andrew Ryan Glover, a prisoner without a lawyer, filed a vague complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Glover alleges that the Marshall County Drug Task Force and Marshall County Sheriff's Department used excessive force against him on July 11, 2022, while he was in cuffs and on the ground. He does not describe the force used against him or the circumstances leading up to the alleged use of force.

Glover was transported to the Marshall County Jail, where he was allegedly provided with inadequate medical care by the jail's medical provider. Glover does not describe the injuries he sustained or the care, if any, he received from the medical staff at the jail.

Glover also complains that unidentified jail staff would not permit him to do pull-ups and other specific exercises to rehabilitate himself following his injuries. He does not, however, indicate whether a medical professional recommended these exercises or explain why he believes these particular exercises were necessary.

This complaint is too vague to state a claim for which relief can be granted. If Glover believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint containing only related claims because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

Any amended complaint that Glover may file should clearly state who he is suing and why he is suing them. As the instructions on the Court's complaint form explain, Glover needs to write a short and plain statement telling what each defendant did wrong. He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages. He needs to use each defendant's name every time he refers to that defendant.

For these reasons, the Court:

(1) GRANTS Andrew Ryan Glover until **August 15, 2024**, to file an amended complaint addressing the deficiencies explained in this Order; and

(2) CAUTIONS Andrew Ryan Glover that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 2, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT