UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW RYAN GLOVER, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:24-CV-366-TLS-APR |
| MATT HASSEL, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Andrew Ryan Glover, a prisoner without a lawyer, filed an amended complaint. ECF No. 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Glover alleges that, on July 11, 2022, he was driving to a BP Amoco in Argos, Indiana. He backed the vehicle that he was driving in next to the vacuum cleaner. Glover and his passenger, Cherise Renee Heckaman, entered the gas station, used the restroom, purchased cigarettes, returned to the vehicle, and got inside. Deputy Sheriff Jonah L. Mikel and Deputy Sheriff Ryan Hollopeter then blocked the front of the vehicle with their vehicle. They exited their vehicle and approached Glover with their guns drawn. They were demanding something, but Glover could not hear them because the windows were up. Glover slowly, with his hands in plain few, unlocked the door and pushed it open. He got out with his back toward Deputy Sheriff Mikel and his hands on his head. He knelt on both knees.

Deputy Sheriff Mikel demanded that Glover move to the grass. He obeyed. Deputy Sheriff Mikel placed Glover in cuffs behind his back. He then rolled Glover to one side to empty his pocket and then rolled him to the other side to empty the other pocket. Deputy Sheriff Mikel read Glover his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 498 (1966), and told Glover to spit out his cigarette. Glover complied. Deputy Sheriff Mikel then commanded Glover to "stop resisting" and wrenched his left arm up, causing pain. Glover yelled "stop" and Deputy Sheriff Mikel stopped. Glover indicates he suffered injuries to his spinal cord at levels C5-6 and C6-7.[1]

Glover argues that Deputy Sheriff Mikel violated his Fourth Amendment rights when he injured Glover while arresting him pursuant to a warrant. Glover is also suing Officer Ryan Hollopeter for not intervening to stop Officer Mikel from harming him. Because Glover alleges that he was arrested pursuant to a warrant, his allegations of excessive use of force are governed by the Fourteenth Amendment. *See Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020) ("Before a finding of probable cause, the Fourth Amendment protects an arrestee; after such a finding, the Fourteenth Amendment protects a pretrial detainee."). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). In determining whether force was objectively unreasonable, courts consider such factors as "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397.

---

[1] A medical report dated June 2, 2024, indicates Glover has mild degenerative changes at C5-6 and C6-7. ECF No. 8-2 at 5.

2

Here, a probable cause affidavit that Glover submitted with his amended complaint, ECF No. 8-2 at 8, indicates that the officers believed Glover had sold more than 14 grams of methamphetamines to a confidential informant or law enforcement officer on July 7, 2022. They also believed that, on July 11, 2022, Glover had agreed to meet a confidential informant or law enforcement officer at the BP Amoco gas station in Argos, Indiana, to sell a half ounce of methamphetamines. Glover was located sitting in a parked car at the gas station where the transaction was to take place.

Glover challenges Deputy Sheriff Mikel's use of force when he wrenched Glover's left arm up after he was in handcuffs. However, Glover indicates that, when this occurred, he yelled "stop" and Officer Mikel stopped. What Glover describes is a very brief and *de minimis* use of force that, unfortunately, caused Glover pain. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 396 (1989) (applying the Fourth Amendment's objective reasonableness standard and noting that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment" (cleaned up)); *see also Jones v. Walker*, 358 F. App'x 708, 713 (7th Cir. 2009) ("A single shove that results in bruising is de minimis force that will not support a claim of excessive force."); *Wilson v. Hartman*, No. 21-2308, 2022 WL 1062053, at *1 (C.D. Ill. Apr. 8, 2022) ("*De minimis* force cannot plausibly be considered punishment, or every push or shove of a pretrial detainee would give rise to a constitutional claim."). Glover has not alleged facts that permit a plausible inference that the brief force used against him, which ended when Glover said "stop," was unreasonable under the circumstances. *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face"); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative

reader, *might* suggest that something has happened to [him] that *might* be redressed by the law.")). Therefore, Glover cannot proceed against Deputy Sheriff Mikel.[2]

Glover's allegation that Deputy Sheriff Ryan Hollopeter violated his rights by not intervening in Deputy Sheriff Mikel's alleged use of force likewise cannot proceed. "[P]olice Officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Here, the Court has already found that the factual allegations do not permit a plausible inference that the use of force was unreasonable. However, even if it were, it could not be plausibly inferred that the alleged use of force lasted sufficiently long for Deputy Sheriff Hollopeter to have an opportunity to intervene. Therefore, Glover cannot proceed against Officer Hollopeter.[3]

Glover is also suing Sheriff Matt Hassel. He alleges that Sheriff Hassel failed to adequately train the defendants. "An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consol. High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had

---

[2] The Court has applied the Fourteenth Amendment because Glover indicates he was arrested pursuant to a warrant. However, if his arrest occurred without a warrant, the outcome would be the same. In the absence of a warrant, Glover's excessive force claims would be "governed by the Fourth Amendment's 'reasonableness' standard, which turns on the totality of the circumstances confronting [the officers] viewed from the perspective 'of a reasonable officer on the scene.'" *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "Whether a particular use of force was objectively reasonable 'is a legal determination rather than a pure question of fact for the jury to decide.'" *Id*. (quoting *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 520 (7th Cir. 2012)). It cannot be plausibly inferred that Deputy Sheriff Mikel's actions were objectively unreasonable under either the Fourth Amendment or Fourteenth Amendment standards.

[3] Glover also argues that the Deputy Sheriff Mikel and Deputy Sheriff Hollopeter's actions violated the Due Process Clause because he was "sentenced" to a life in pain without due process. He likewise argues that their actions (or his later sentence on related criminal charges) violate the Double Jeopardy Clause because he was "put in danger of a limb" during arrest and again when he was sentenced on criminal charges. These arguments reflect fundamental misunderstandings of double jeopardy and due process. Because these arguments are meritless, they will not be addressed further.

acquiesced in a pattern of constitutional violations." *Id.* Glover claims generally that his treatment was consistent with institutional practices, but he alleges no facts that permit a plausible inference that using excessive force is an institutional practice. Glover's amended complaint does not plausibly allege that there was a pattern of violations; it does not even plausibly allege that his constitutional rights were violated. Therefore, he may not proceed on a failure to train claim.

Glover similarly alleges that Sheriff Matt Hassel failed to supervise Deputy Sheriff Mikel and Deputy Sheriff Hollopeter. There is, however, no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The amended complaint does not plausibly allege that Sheriff Matt Hassel was personally involved in arresting or using force against Glover on July 11, 2022. Therefore, Glover may not proceed against Sheriff Hassel.

Additionally, while Glover does not list Marshall County as a defendant, the body of his amended complaint suggests he intended to sue the county. Even if Glover had listed the county as a defendant, he could not proceed against it. Liability under § 1983 requires personal involvement in the alleged constitutional violation, which means the county is liable only for violations that are a result of policy or customs attributable to the county itself. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235–36 (7th Cir. 2021). The county is not liable just because its employees may have committed constitutional violations. *See, e.g.*, *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk County*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). The amended complaint does not plausibly allege that Marshall County had a policy or custom that contributed to Glover's injuries.

Finally, Glover includes several claims based on state law theories. ECF No. 8 at 11. The amended complaint does not state a federal cause of action. In the absence of a federal claim, it is this Court's practice to relinquish jurisdiction over state law claims. *See Doe-2 v. McLean Cnt.y Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claim conferring original jurisdiction before to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)(3)."). Therefore, Glover will not be granted leave to proceed on any state law claims in this Court, and the state law claims will be dismissed without prejudice.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Such is the case here.

For these reasons, Andrew Ryan Glover's federal claims are DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim, and his state law claims are DISMISSED without prejudice.

SO ORDERED on November 22, 2024.

                                                    s/ Theresa L. Springmann
                                                    JUDGE THERESA L. SPRINGMANN
                                                    UNITED STATES DISTRICT COURT